﻿Citation Nr: 19172654
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 16-33 501
DATE: September 18, 2019

ORDER

Service connection for bilateral hearing loss is granted.

Service connection for tinnitus is granted.

FINDINGS OF FACT

1. Resolving reasonable doubt in the Veteran’s favor, his bilateral hearing loss is at least as likely as not related to his military noise exposure.

2. The Veteran’s tinnitus began during active service and has continued to the present.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303. 

2. The criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from February 1965 to January 1968.

In connection with this appeal, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge in May 2019.

The Veteran asserts that his bilateral hearing loss and tinnitus are the result of noise exposure during his active service. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

The record indicates that the Veteran is currently diagnosed with bilateral hearing loss. Further, the record indicates that the Veteran’s military occupational specialty was that of combat engineer with a rifle expert badge, indicating a high likelihood of military noise exposure. Therefore, the outstanding question for the Board is whether a nexus exists between the Veteran’s current disabilities and military service.

The Veteran’s entrance and separation examinations indicate normal hearing. Additionally, the Veteran indicated on both his entrance and separation reports of medical history that he was in good health and experienced no problems with his ears. However, the record also contains evidence supporting service connection, including lay statements from the Veteran and the Veteran’s friends. 

The Veteran believes his bilateral hearing loss is related to in-service noise exposure. The Veteran testified that he had experienced difficulty hearing in college, approximately six months after his separation from service. He testified that his responsibilities during service included using explosives to blow up roads. He also testified that his hearing became gradually worse. In written statements to VA the Veteran reported significant levels of noise exposure, to include rifle fire and high explosives. The Veteran stated that he was young when he left active service and thought his hearing problems were normal for servicemen who were exposed to gun fire and explosives. In December 2014 written statement, the Veteran reported that he was fitted for his first hearing aids in the late 1980s, which he wore until approximately 2008 when he received a new set. 

The Veteran also submitted lay statements from friends indicating they attended college with the Veteran and observed that he had difficulty hearing in crowded spaces and in college classes. In a December 2015 statement, T.C. indicated that he has known the Veteran since fall 1968. At that time T.C. and the Veteran were friends in college. He recalled that the Veteran would sit in the from row of classes and reported that he was unable to hear the instructor unless he was in the front. T.C. also recalled that when the Veteran was unable to sit in the front for classes, he would use T.C.’s class notes to understand the lecture. In 1970, T.C. and the Veteran became roommates and T.C. recalled the two would have regular battles over the television volume, the Veteran always wanting the volume higher, so he could hear. In a December 2015 statement C.S. and H.S. indicated that they had known the Veteran since 1970. At that time, the parties were in college and they recalled that the Veteran experienced difficulty in his French class because he could not hear the difference between certain sounds. 

The Veteran’s reports of hearing problems are considered credible and afforded great weight. Additionally, the lay statements from T.C., C.S, and H.S. are considered credible and afforded great weight. See Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). The lay statements of record establish an onset of hearing difficulties within one year of the Veteran’s separation from service. While neither the Veteran, nor his friends are competent to diagnose hearing loss, the report of symptoms and the ultimate need for hearing aids indicate an ongoing continuity of hearing difficulty since 1968. 

The Board finds the evidence to at least be in equipoise as to whether the Veteran’s current bilateral hearing loss is related to in-service noise exposure. Accordingly, after resolving all doubt in favor of the Veteran, the Board finds that service connection for bilateral hearing loss is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

Further, the Court of Appeals for Veterans Claims (Court) has specifically held that tinnitus is a type of disorder associated with symptoms capable of lay observation. See Charles v. Principi, 16 Vet. App. 370 (2002). Tinnitus, unlike hearing loss, is a disability which cannot at this time be tested on. Rather, the Veteran is uniquely situated to report when he first began to experience symptoms of tinnitus. Here, the Veteran credibly reported that he first noticed a dull ringing during active service and that the condition has continued since that time. The Veteran did not seek to embellish his account in any way, and the Board finds it to be credible. Thus, the Veteran’s tinnitus, a chronic disability, began in service and has continued since. Therefore, the criteria for service connection have been met and service connection for tinnitus is warranted.

 

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. I. Sims, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.